UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH MONROE,                              :
    Petitioner                               :
                                             :
    v.                                       :    CIVIL NO. 4:CV-06-536
                                             :
                                             :    (Judge McClure)
KAREN HOGSTEN,                               :
    Respondent                               :

## MEMORANDUM AND ORDER

October 24, 2006

### Background

This pro se petition for writ of habeas corpus labeled as seeking relief pursuant to 28 U.S.C. § 2241 was filed by Joseph Monroe ("Petitioner"), an inmate at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, ("FCI-Allenwood"). Named as Respondent is FCI-Allenwood Warden Karen Hogsten.

Monroe's petition challenges the legality of his 1985 guilty plea to a drug related offense which he entered in Atlantic County, New Jersey.[1] He seeks federal habeas corpus relief on the grounds that the attorney who represented him during his

---

[1] Monroe indicates that his federal sentence was enhanced because of his New Jersey state conviction.

New Jersey state criminal proceedings provided ineffective assistance. Specifically, Monroe alleges that counsel erred by not filing an appeal or advising him of his right to appeal.

By Memorandum and Order dated April 19, 2006, this Court noted that although the Petitioner was currently incarcerated within the jurisdiction of this Court, his action was challenging a criminal conviction rendered by a New Jersey state court which was not located within this judicial district. Accordingly, Monroe's action was construed as seeking relief pursuant to 28 U.S.C. § 2254 and transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey, which was the proper forum within which to attack the legality of Monroe's state conviction.

Presently pending is petitioner's motion to alter or amend judgment. See Record document no. 7.

**Discussion**

Monroe's reconsideration motion acknowledges that he is claiming that his constitutional rights were violated with respect to a New Jersey state criminal proceeding. See id. at p. 2. He "asserts that because of the constitutional issues involved in the instant case, the Court can sua sponte address the issues presented in the motion." Id. at p. 3.

It is initially noted that the Petitioner has not filed a brief in support of his motion as required under M.D. Pa. Local Rule 7.5.[2]  Therefore, pursuant to Local Rule 7.5, it would be appropriate to deem Petitioner's motion as being withdrawn.

Second, a motion for reconsideration is a device of limited utility.  It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified

---

[2] M.D. Pa. Local Rule 7.5 states that if a supporting brief is not filed within ten (10) days after the filing of any motion submitted prior to trial, the motion shall be deemed withdrawn.

Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Petitioner's request for reconsideration does not set forth any newly discovered facts or precedent which would affect this Court's prior determination. Monroe has also failed to establish the presence of any errors of law or fact. Furthermore, he offers no support for his conclusion that it would be appropriate for this Court to *sua sponte* issue a ruling in his favor. The request for reconsideration will be denied. Consequently,

**IT IS HEREBY ORDERED**:

1. Petitioner's motion seeking reconsideration (Record document no. 7) is DENIED.

2. The Petitioner's motion requesting that this Court expedite its ruling (Record document no. 10) is DENIED AS MOOT.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge